ARMSTRONG, *et als., v.* JOSIAH R. ARMSTRONG, *et als.*

1. WILL. *When instrument to be construed as such. Case in judgment.* Since no particular form is required for· a will, the question, whether a paper is to operate as such or as a deed, must be determined from the intention as gathered from the language employed. Therefore, where a paper—in form a deed—conveyed to a person mentioned, and for a consideration expressed therein, certain property, real and personal, but concluded as follows, to-wit: "This conveyance to have effect from and after my death. Witness," etc.,

*Held,* That these latter words fixed the character of the instrument, and that it was properly probated as a will.

2. SAME. *Condition precedent. Covenant.* The will stipulated as a part of the consideration that the devisee should provide for and support certain designated persons,

*Held,* That the performance of this requirement was not a condition precedent to the vesting of title in .the .devisee, but an independent covenant, for breach of which the parties aggrieved would be entitled to proper relief.

Case cited: Hale *v.* Witt, 1 Heisk., 567.

---

FROM LINCOLN.

---

Appeal from the Chancery Court. A. S. MARKS, Chancellor.

LAMB & TILLMAN, and KERCHEVAL for Armstrong.

E. COOPER for Stone.

MCFARLAND, J., delivered the opinion of the Court.

John Armstrong died in Lincoln County about the

year 1847.   The following paper was probated as his will, to-wit:

" LINCOLN COUNTY,  
   TENNESSEE.

"Know all men by these presents that I, John Armstrong, of the before-named County and State, has this day bargained and conveyed to my son, Josiah R. Armstrong, all of my estate, real or personal, that is to say, one hundred and forty acres of land, it being the tract whereon I now live, together with all my stock of horses, cattle, hogs, sheep, household and kitchen furniture, farming utensils, blacksmith tools, and wagon maker's tools, and all notes and accounts that are coming to me, for the consideration, that is to say:

1st. About eighty-five dollars, which I now owe him.

2d. That he, the said Josiah R. Armstrong, pay all my just debts.

3d. That he provide for the support and comfort of his mother during her natural life, and also to support and raise my four grandchildren, that is to say, John Wesley Armstrong, Jasper Newton Armstrong, George Higgins, and Sarah Jane Armstrong. This conveyance to have effect from and after my death. Witness," etc.

The four persons named were the children and not the grandchildren of John Armstrong, as the paper erroneously states. Their ages, at the death of their father, ranged from thirteen to nineteen years. After

the death of the father, the widow and the five children, including Josiah R., who was the oldest left at home, remained on the farm as one family for a few years, when Josiah R. left, married, and settled near by, leaving the others in possession with the widow. They continued in possession, raising their support upon the farm, until they each married and left, but one, who remained with the widow until she died, in 1871.

This bill is filed by a portion of the heirs to recover the land, upon the ground that the will was inoperative to pass the title to the land, and second, upon the allegation that Josiah R. failed to provide for the support of his mother during life, and to support and raise the other four children.

The paper in question, having been probated as the will of Armstrong, and the probate never having been set aside, no serious question can now be made as to its validity. That it is testamentary in its character fully appears. No particular form for a will is required. Whether a paper be intended to operate as a deed or a will is a question of intention, to be gathered from the language used. Here the clearly expressed intention, that it is to take effect upon the death of Armstrong, conclusively fixes the character of the writing, and shows it to be a testamentary paper.

It is erroneously assumed that the title of Josiah R. Armstrong, under the will, would be defeated by showing that he had failed to render the consideration expressed, by supporting the widow, and raising and supporting the other children. This is not, as in some

cases, made a condition precedent, upon the performance of which alone the title would vest, but is stated to be the consideration in part, for which the devise was made. It is more in the nature of an independent agreement or covenant upon the part of Josiah R., part of the consideration expressed was certainly rendered. If he failed to perform the remainder of his undertaking, the parties for whose benefit these stipulations were made, would certainly have had their remedy to compel a performance, but they made no complaint. It is not clear that Josiah R. so far failed as to have rendered him liable upon his agreement, but we do not discuss this. See *Hale* v. *Witt*, 1 Heisk., 567.

We think the title of Josiah R., under the will, is good. The decree dismissing the bill will be affirmed, with costs.